FILED
CLERK
4/5/2016 3:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MIGUEL CORADO,

              Plaintiff,

        -against-

NEVETZ ELEVEN ICE CREAM PARLOUR,
doing business as
Krisch's Restaurant & Ice Cream
Parlour, and STEVEN MCCUE,
              Defendants.
-----------------------------------------------------------X

**ORDER**
15-CV-5985 (ADS)(ARL)

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiff*
1 Corporate Drive, Suite 103
Bohemia, NY 11716
      By: Saul D. Zabell, Esq., Of Counsel

**SPATT, District Judge**.

On October 19, 2015, the Plaintiff Miguel Corado (the "Plaintiff") commenced this action against the Defendants Nevetz Eleven Ice Cream Parlour, doing business as Krisch's Restaurant & Ice Cream Parlour, and Steven McCue (collectively, the "Defendants") seeking to recover unpaid overtime and spread of hours wages allegedly owed to them pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law, §§ 650 *et seq.* ("NYLL").  The Plaintiff also asserts claims for national origin discrimination pursuant to Section 296 of the New York State Human Rights Law, conversion, and unjust enrichment.

On January 4, 2016, the Plaintiff moved for the entry of judgment in light of the Plaintiff's acceptance of an Offer of Judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 68 for $95,000, including recoverable costs and attorneys' fees.

1

Fed. R. Civ. P. 68(a) states, "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."

Here, on December 28, 2015, the Defendants served an offer of judgment on the Plaintiff for $95,000. On December 29, 2015, the following day, the Plaintiff served on the Defendants a notice accepting their offer of judgment. Accordingly, Rule 68(a) would seem to require the Clerk of the Court to enter judgment in favor of the Plaintiff in the singular sum of $95,000.

However, this case is, in part, a wage and hour case. Thus, the Court must determine whether the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), has application to this case. In that case, the Second Circuit held that "parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)," without a district court's approval of the settlement agreement as fair and reasonable. Rule 41(a) provides that a plaintiff may dismiss an action pursuant to a stipulation of dismissal signed by all the parties "subject to . . . any applicable statute." The Court in Cheeks reasoned that although the FLSA does not explicitly provide for judicial review of private settlement agreements, "the unique policy considerations of the FLSA," place the FLSA "within Rule 41's 'applicable federal statute' exception.'" Id. at 206.

Of course, Cheeks addressed a dismissal pursuant to Rule 41, not the acceptance of an offer of judgment pursuant to Rule 68. Thus, it is not clear whether Cheeks applies to this case.

At least one district court has found that Cheeks does not apply in the Rule 68 context. In Barnhill v. Fred Stark Estate, No. 15 CIV. 3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015), Judge Cogan reasoned that "unlike Rule 41, which defers to 'any applicable

2

federal statute,' Rule 68 has no such limitation. It is available in any action. In that way, it is narrower than Rule 41, because while the latter, subject to its stated qualifications, permits dismissal for any or no reason — for example, a change of heart by the plaintiff, or a settlement — Rule 68, by its terms, requires entry of judgment." Id.

Judge Cogan acknowledged that "Cheeks premised its decision not only on the qualifying language in Rule 41, but also on its characterization of the FLSA as a 'uniquely protective statute' based on 'unique policy considerations.'" Id. (quoting Cheeks, 796 F.3d 199, 2015 WL 4664283, at *6–7). However, he found that the policy considerations outlined in Cheeks could not be read to encompass Rule 68 offers of judgment because Rule 68 does not provide an exception for a "federal statute" and mandates that once accepted, the clerk of the court *"must"* enter judgment in favor of the plaintiff. Id. To hold that the unique considerations of the FLSA applied in this context, would, according to Judge Cogan, result in the Court "assume[ing] a legislative roll." Id. at *2.

The Court finds the reasoning of Judge Cogan to be persuasive. To apply Cheeks in the Rule 68 context, where there is no federal statutory exception, would be a bridge too far. Accordingly, the Clerk of the Court is directed to enter judgment in favor of the Plaintiff in the amount of $95,000 and to close this case.

**SO ORDERED.**
Dated: Central Islip, New York
April 5, 2016

                                              */s/ Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                            United States District Judge